Barnard, P. J.
Paul Weber held a mortgage for moneys loaned on certain premises in Kings county for $1,200. The mortgage was given by one Scroff. Scroff sold to one Rothstein the land subject to the mortgage. The mortgage was given on January 2, 1874, and the deed to Rothstein January 4, 1874. At the time this mortgage was given Paul Weber was in Europe sick, and his affairs were managed by one Hartwig. Weber died on the 11th of January, 1874, in Germany. Hartwig knew of his death early in February, 1874. The plaintiff was appointed administratrix early in May, 1874.
After the death of Paul Weber, and when without authority Hartwig, it is said, cancelled this $1,200 Brooklyn mortgage and took from Rothstein, in his own name, an assignment of a mortgage on property on Sixteenth street, New York, for $1,500.
The fact of the giving of the satisfaction piece does not seem well proven. Rothstein testifies to it and that he left it for record in the Kings county register’s office. The paper is not produced and it was not recorded. It is not material in any event. The agent had no power to give it and none is claimed. The only reason for a reversal of the judgment is based upon a ratification by the plaintiff. The evidence wholly fails to show it.
The plaintiff, as administratrix, asks for the property of the estate.
*689 Among other securities, Hartwig assigned to Louise Weber, individually, the Sixteenth street mortgage. She knew nothing of the facts, and was told soon, by her attorney, that it was a fourth mortgage and entirely valueless. She recorded the assignment to herself. Of course, being ignorant of the pretended exchange for a mortgage which she never knew to have existed, no ratification of the exchange can be inferred.
A ratification is an adoption of an unauthorized transaction by the party beneficially interested. There can be no adoption of a sale or transfer or cancellation unless Mrs. Weber knew the facts, and Mrs. Weber never knew of the existence of this $1,200 mortgage until 1884, when the plaintiff demanded that she cancel it as administratrix.
The mortgage having belonged to Paul Weber and never having been paid, is still an outstanding obligation. Neither the assignee of the Sixteenth stréet mortgage nor the representative of the agent Hartwig are parties, and it is not possible to show any ratification of the $1,500 mortgage without hearing them. There appears to be value in it.
Judgment affirmed, with costs.
Dyicman and Pratt, JJ., concur.